KATHERINE FERBER, APPELLANT, V. JOHN MCQUILLEN. APPELLEE.

FILED FEBRUARY 5, 1916. No. 18354.

1. **Adverse Possession: APPEAL: SUFFICIENCY OF EVIDENCE.** . Where a railroad company succeeds to the interest of a grantee in a void tax deed covering a vacant town lot lying contiguous to its right of way, pays the taxes assessed thereon for nearly 30 years, and exercises the same jurisdiction over it as over other parts of its right of way and property at that point on its line, a verdict of a jury holding in effect that its title has become absolute will be sustained.

APPEAL from the district court for Dixon county; GUY T. GRAVES, JUDGE. *Affirmed.*

*J. F. Boyd, R. J. Millard, Edward E. Baron* and *W. L. Harding,* for appellant.

*J. J. McCarthy,* contra.

MORRISSEY, C. J.

This was an action of ejectment brought in the district court for Dixon county; the real estate involved being lot 4 in block 49 of the city of Ponca. Originally this lot was owned by the Nebraska Land & Town Lot Company, a corporation. The owner failed to pay the taxes for the year 1879 and subsequent years, and in 1882 a tax deed was issued therefor. By quitclaim deed the grantee in the tax deed conveyed the lot to the Chicago, St. Paul, Minneapolis & Omaha Railway Company, which now claims to be the owner thereof, and is the real defendant; the defendant named herein being the lessee of that company. During all of the years intervening between the issuance of the tax deed and the filing of this suit in 1911 the railroad company paid the taxes on the lot. December 30, 1910, for the consideration of one dollar, plaintiff procured a quitclaim deed for lot 4, as well as other lots that are not herein in-

volved, from the old town-site company, which had long since abandoned the property. Defendant claims under his lease from the railroad company. It is conceded that the tax deed was technically defective, and the issue is whether the railroad company had acquired title by adverse possession for a period of more than ten years. This issue was submitted to the jury, which found for defendant. No error in the instructions or in the conduct of the trial is pointed out, but we are asked to set aside the verdict because it is not sustained by sufficient evidence.

The lot lies contiguous to the right of way of the railroad company. For many years it has been taxed in connection with the railroad company's right of way, and the evidence indicates that it has been treated by the company as forming a part of its right of way. The original owner completely abandoned it for 30 years, and then for the consideration of one dollar made a quitclaim deed to the plaintiff. The testimony as to possession is somewhat hazy. The section-men mowed the weeds that grew on the lot; they also piled ties there from time to time; and a witness testified that from the year 1885 to 1909 he and his father were in the lumber and coal business and occupied lots in this block. While the witness is unable to give the exact location of the lot lines, his testimony shows that one or two of their buildings were located to the west of this lot and another was located to the east of it, and that this lot was used in connection with the lots on which their buildings stood. He also testifies positively that they had a lease to the ground on which their buildings stood, but is unable to give the numbers of the lots covered by the lease. He does not remember whether the lease was a verbal or written one, but from his testimony it is clear that this lot was necessarily used at least as a right of way between the buildings used by this witness. He is unable to testify very definitely about the rental, but is positive that a part of the time at least they paid rent to the railroad company, and that they had permission to put their buildings there.

"A void tax deed affords color of title in an action of ejectment in which adverse possession of real estate for the statutory period of ten years is relied upon as a defense." *Twohig v. Leamer,* 48 Neb. 247.

To determine the acts necessary to constitute adverse possession it is sometimes necessary to take into consideration the character of the property and the purposes for which it is suitable. The testimony covers a period of 30 years, and the only use made of the property was to furnish a place for piling railroad material, a roadway for the lumber and coal dealers having sheds on the railroad property, and finally serving as a roadway or approach for a grain elevator, except that for a few years plaintiff's husband had part of it inclosed as a corral for his cow. But he made no claim to ownership. The use to which it was put was entirely consistent with the railroad company's claim of ownership. The property was abandoned by the owner; it was taken over under a tax deed, and the taxes paid thereon by the railroad company; for nearly 30 years it was treated like the other property making up the railroad right of way, and the railroad company's ownership was recognized by the people who operated the coal and lumber business there. Prior to the beginning of this suit a grain elevator was built on one of the adjoining lots, and the owner of the elevator recognized the ownership and possession of the railroad company and procured permission to use the lot for an approach to the elevator.

After an examination of the whole record, we are of the opinion that the evidence is sufficient to sustain the verdict of the jury, and the judgment is

AFFIRMED.

LETTON, J., not sitting.